UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC | ) | CASE NO. 19-32231 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC | ) | AP No. 21-3013 |
| | ) | |
| Plaintiff(s) | ) | |
| v. | ) | |
| | ) | |
| Cecelia Financial Management | ) | |
| Oasis Aviation LLC | ) | |
| Halas Energy LLC | ) | |
| John J. Siegel, Jr. | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM- OPINION

This matter came before the Court on the Motion of Bay Bridge Exports, LLC ("Bay Bridge") to Intervene in this Adversary Proceeding. The Court considered Bay Bridge's Motion to Intervene, the Objection to the Motion filed by Plaintiff Insight Terminal Solutions, LLC ("ITS"), the Reply to the Objection of ITS filed by Bay Bridge and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** Bay Bridge's Motion to Intervene.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2021, ITS, also referred to as the "Reorganized Debtor," filed its Complaint against Defendant Cecelia Financial Management, LLC ("Cecelia"), Halas Energy, LLC ("Halas"),

Oasis Aviation, LLC ("Oasis") and John J. Siegel, Jr. ("Siegel").  In the Complaint, ITS seeks to recharacterize, disallow and/or equitably subordinate the Proofs of Claim of Cecelia, Halas and Oasis, as well as an award of damages against John J. Siegel.

On May 6, 2021, Bay Bridge filed a Motion to Intervene in this Adversary Proceeding as a defendant pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure, which makes Federal Rule of Civil Procedure 24 applicable in adversary proceedings.  Bay Bridge claims that it holds a valid and properly perfected, first priority security interest in Cecelia's claim against ITS, that defaults exist on the obligation secured by Bay Bridge, and that Bay Bridge is entitled to enforce its rights under C.R.S.A. § 4-9-607(a).  Cecelia's claim in the amount of $6,044,190.20 was filed on July 29, 2020.

## **LEGAL ANALYSIS**

Under Fed. R. Civ. 24(a)(2), the Court must permit anyone to intervene who:

. . . . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In order to meet the requirements of Rule 24(a)(2), the movant must show the following: (1) the motion to intervene was timely; (2) the movant has a substantial legal interest in the subject matter of the case; (3) the movant's ability to protect the substantial legal interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervener's interest.  *Northeast Ohio Coalition for Homeless & Serv. Emp., Int'l*

*Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). All of these elements are present in this case.

First, the adversary proceeding Complaint was filed on April 12, 2021. Bay Bridge's Motion to Intervene was filed less than a month later on May 6, 2021. The Motion was heard by the Court at the initial hearing in this case. Thus, the Motion is timely. Second, given the size of the Cecelia's claim and Bay Bridge's security interest asserted in that claim, the Court finds the legal interest is substantial. Bay Bridge's security interest is governed by Colorado law, as well as by Section 9-607 of the Uniform Commercial Code, which "permits a secured party to collect and enforce obligations included in collateral in its capacity as a secured party," including "the right to settle and compromise claims against the account debtor." *See*, U.C.C. § 9-607 Official Cmt. 9; C.R.S.A. § 4-9-607.

It is also clear that Bay Bridge's ability to protect its interest may be impaired if it is not allowed to intervene. The Supreme Court has stated that this third factor is a "minimal one" and it is met if the movant shows that representation of their interest "may be" inadequate. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10 (1972). Based on the nature of the claims asserted by ITS herein, Bay Bridge's interests may be impaired or extinguished unless it is allowed to intervene. Thus, the third element required for intervention is met here.

Fourth, Bay Bridge's interests, at a minimum, may be inadequately represented by Cecelia. Bay Bridge and Cecelia do not have the same economic incentives in defending the claims asserted by ITS. Their resources and strategies are different leaving the Court to conclude that the fourth element is also met for intervention. Therefore, the Court determines that Bay Bridge may intervene in this action as a matter of right, pursuant to Fed. R. Civ. P. 24(a)(2).

The Court also finds that Bay Bridge would be entitled to intervene under Rule 24(b)(1)(B), permissive intervention. Under this Section of the statute permissive intervention is allowed where the movant "has a claim or defense that shares with the main action a common question of law or fact." Here, Bay Bridge and Cecelia have defenses that share common questions of law and fact on the claims asserted by ITS's Complaint. Due to its secured status, Bay Bridge may enforce, defend and/or settle Cecelia's claim. These common questions of law and/or facts regarding the Cecelia claim and the allegations raised in the Complaint provide the basis for permissive intervention in this case.

ITS correctly asserts that Rule 24(a) does not entitle creditors to intervene in unrelated litigation merely to protect assets of those who owe them debts, citing *Relistar Life Ins. Co. v. MKP Invs.*, 565 F. App'x. 369, 372-73 (6th Cir. 2014). The Sixth Circuit, however, has not ruled that a creditor holding a security interest in or a lien on the subject matter of a case does not have a substantial interest. That is the situation that is facing the Court at this time. The parties acknowledge that Bay Bridge can foreclose on Cecelia's claim and would therefore then be entitled to intervene by right under Fed. R. Civ. P. 7024(a)(2). For reasons of judicial economy, it makes sense to allow Bay Bridge to intervene in the case at this early juncture. The Court finds that Bay Bridge's security interest in Cecelia's assets, under Colorado law and as established by the UCC, is a substantial legal interest in this litigation and Bay Bridge has a right to enforce, defend or settle the Cecelia claim. For these reasons, Bay Bridge's Motion to Intervene should be **GRANTED**.

**CONCLUSION**

For all of the above reasons, the Court determines that Bay Bridge meets the requirements of Fed. R. Civ. P. 24(a)(2) and (b)(1)(B) made applicable herein by Fed. R. Bankr. P. 7024. This Memorandum-Opinion is filed in accordance with the Order granting Bay Bridge's Motion to Intervene on May 27, 2021 (DKT #20).

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 2, 2021